IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSEPH FRANK LEE,

    Petitioner,

v.                                                            CASE NO. 1:12-cv-169-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Respondent filed a Motion to Dismiss Based on Fugitive Disentitlement Doctrine and Laches and an appendix with relevant portions of the state-court record (hereafter "Exh."). (Doc. 15.) Petitioner filed a reply in opposition to the motion to dismiss. (Doc. 25.) Upon due consideration of the Motion, the Reply, and the state-court record, the undersigned recommends that the Motion to Dismiss be denied and the Petition considered on the merits after full briefing by the parties.

## Summary of State Court Proceedings

On December 7, 1984, Plaintiff was charged with one count each of robbery with a deadly weapon; attempted kidnaping; and resisting arrest without violence. (Exh. C, pp. 6-7.) On March 25, 1985, Petitioner pleaded guilty to the armed robbery charge and the State agreed to drop the remaining two charges as well as charges pending in a separate case. (*Id.* at 18.) Petitioner was confined by court order to a drug treatment center but absconded prior to sentencing. He was eventually arrested in

South Carolina on an unrelated charge and extradited back to Florida, where he was re-arrested October 3, 2008, on the charges underlying the instant habeas petition.

On October 30, 2008, Petitioner filed a motion to withdraw his plea entered more than 23 years earlier, alleging that he was incompetent when he entered the plea due to the effects of medications prescribed at the drug treatment center. (*Id.* at pp. 31-32, 160-62.) The trial court conducted a hearing on the motion to withdraw on June 10, 2009, where both Petitioner and his trial counsel testified. (*Id.* at 248-331.) The trial court concluded that Petitioner's testimony at the hearing was not credible. It also found that the laches argument applied, because Petitioner should not be able to benefit from absconding from the jurisdiction for 25 years. (*Id.* at 310-313.) The trial court entered a judgment and sentence that day, sentencing Petitioner to 12 years in prison. (*Id.* at 328.)

Petitioner appealed, and the First District *per curiam* affirmed, without opinion, on January 25, 2010. (Exh. G); *Lee v. State*, 29 So.3d 1122 (Fla. 1st DCA Jan. 25, 2010). The First DCA issued its mandate on March 22, 2010. (Exh. J.) Petitioner filed a motion for postconviction relief under rule Fla. R. Crim. P. 3.850 on November 11, 2010, raising two claims of ineffective assistance of trial counsel. (Exh. L.) The postconviction court summarily denied Petitioner's 3.850 motion. (*Id.*) Petitioner appealed, and the First District *per curiam* affirmed on January 11, 2012. (Exh. O); *Lee v. State*, 81 So.3d 421 (Fla. 1st DCA Jan. 11, 2012). Mandate issued on March 20, 2012. (Exh. R.)

The instant federal habeas petition followed on July 19, 2012. Petitioner raises three grounds for relief. He alleges that trial counsel was constitutionally ineffective in

1985 for failing to: (1) have Petitioner evaluated for his mental competency to proceed; (2) advise Petitioner and raise the defense of voluntary intoxication; or, (3) advise Petitioner and raise the defense of insanity. (Doc. 1.)

In its Motion to Dismiss, Respondent argues that the Petition should be dismissed based on the fugitive disentitlement doctrine and the doctrine of laches. Respondent contends that Petitioner's absence from the jurisdiction for 23 years has made it impossible for the State to fully defend against Petitioner's claims. (Doc. 15.)

### **Fugitive Disentitlement Doctrine**

The fugitive disentitlement doctrine "permits courts to dismiss a fugitive's appeal in cases in which an individual escapes while at the same time attempting to invoke the jurisdiction of that particular court." *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004). The doctrine has been recognized by the U.S. Supreme Court, which explained in *Molinaro v. New Jersey,* 396 U.S. 365, 366 (1970), that "[n]o persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction." *See also Smith v. United States,* 94 U.S. 97 (1876) (recognizing the fugitive disentitlement doctrine for the first time). The Supreme Court noted in *Ortega-Rodriguez v. United States*, 507 U.S. 234, 249 (1993), that "[a]bsent some connection between a defendant's fugitive status and his appeal, as provided when a defendant is at large during the ongoing appellate process, the justifications advanced for dismissal of fugitives' pending appeals generally will not apply."[1]

---

[1] The *Ortega-Rodriguez* Court also noted that "a long escape, even if ended before sentencing and appeal, may so delay the onset of appellate proceedings that the Government would be prejudiced in locating witnesses and presenting evidence at retrial after a successful

The application of the fugitive disentitlement doctrine in the context of a federal habeas corpus petition is limited. In *Hall v. Alabama*, 700 F. 2d 1333 (11th Cir. 1983), the Eleventh Circuit used traditional exhaustion principles –not the fugitive disentitlement doctrine– to deny a defendant's § 2254 petition where the defendant escaped while his direct appeal was pending in state court. Likewise, in *Stacey v. Warden,* 854 F. 2d 401, 405 (11th CIr. 1988), the Eleventh Circuit again applied the traditional § 2254 rules in denying a § 2254 petition by a defendant who escaped from prison and pursued habeas relief after his recapture. In *Lynn*, the Eleventh Circuit concluded that:

> What we learn from *Hall*, and particularly *Stacey* and *Ortega-Rodriguez*, is that the fugitive disentitlement doctrine operates as a sanction where the fugitive status and court proceedings overlap, but it does not generally have a separate, independent application that per se bars motions or appeals later filed by a one-time fugitive. Rather, in the context of habeas corpus, the traditional rules of exhaustion and procedural default, whether a § 2254 petition or § 2255 motion, ultimately control the disposition of a defendant's claims.

*Lynn*, 365 F.3d at 1243-44.

In the instant case, Petitioner pleaded guilty and absconded for several years. Upon his recapture, he was sentenced and pursued his direct appeal and state post-conviction proceedings. There is no nexus between his previous flight and the instant habeas petition. It would be contrary to Eleventh Circuit precedent to allow the fugitive disentitlement doctrine to now act as a *per se* bar to Petitioner's § 2254 petition by virtue of his earlier fugitive status, as Respondent urges.

Respondent relies heavily on an opinion from the U.S. District Court for the

---

appeal." 507 U.S. at 249.

Eastern District of California, *Frank v. Yates*, 887 F. Supp. 2d 958, 973 (E.D. Cal. 2012) in arguing that the fugitive disentitlement doctrine applies to bar the instant petition. In *Frank*, the petitioner absconded prior to sentencing and was recaptured several years later. The respondent argued that the petition should be dismissed pursuant to the fugitive disentitlement doctrine because the court reporter's notes from the jury trial were destroyed and no trial transcript existed; further, the petitioner's trial counsel was deceased. Relying on *dicta* from *Ortega-Rodriguez* and cases from the Ninth Circuit and Northern District of California, the *Frank* court concluded that the petitioner's "'deliberate attempt to evade his day of reckoning, successful for a time, should not be allowed to impose additional burdens upon the judiciary to accommodate claims that should be forfeited by flight.'" *Frank*, 887 F. Supp. 2d at 973 (quoting *United States v. Sudthisa-Ard*, 17 F.3d 1205, 1208-09 (9th Cir. 1995)).

Despite the factual similarities between the instant case and those in *Frank*, *Frank* is not controlling and was decided without reliance on the Eleventh Circuit's interpretation of the fugitive disentitlement doctrine's application to habeas petitions. While the Supreme Court in *Ortega-Rodriguez* did appear to leave the door open to applying the doctrine in cases where there is not a nexus between the proceeding and the fugitive status, the facts of the instant petition, especially in light of Eleventh Circuit law, do not give rise to the application of the doctrine so as to apply as a *per se* bar to Petitioner's § 2254 petition.

## Doctrine of Laches

"Laches is such delay in enforcing one's rights as works disadvantage to another." C.J.S., Equity page 19 § 112. The doctrine of laches historically did not apply

to habeas petitions. 17B Fed. Prac. & Proc. Juris. § 4268.2 (3d ed.); see *Heflin v. U.S.*, 358 U.S. 415, 420 (1959) ("[I]n habeas corpus, there is no statute of limitations, no res judicata, and . . . the doctrine of laches is inapplicable.")  However, Rule 9(a) of the Habeas Corpus Rules, which became effective in 1977, reversed this position, providing that:

> A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Thus, Rule 9(a) introduced for the first time the doctrine of laches into habeas corpus. 17B Fed. Prac. & Proc. Juris. § 4268.2 (3d ed.). Under Rule 9(a) as enacted, a petitioner was not barred simply because he had delayed in filing his claim. The respondent was required to make a particularized showing of prejudice and show that the prejudice was caused by the delay. Rule 9(a); *Hill v. Linahan*, 697 F.2d 1032, 1035 (11th Cir. 1983). In the context of unavailable evidence, this required the state to establish that if the petitioner had filed his habeas petition at some earlier time, the evidence in question would have been available. *See* Hill, 697 F.2d at 1035–36.  Rule 9(a) was permissive rather than mandatory, giving the court discretion in dismissing a petition due to delay.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C.A. § 2244. In 2004, Rule 9(a) was later removed because it was deemed "unnecessary in light of the applicable

one-year statute of limitations for § 2254 petitions" under the AEDPA.[2] AEDPA's one-year limitations period superseded Rule 9(a) of the Rules Governing Section 2254 Cases, and thus the standard for dismissal under Rule 9(a) has been replaced by a "bright-line" limitations rule under the AEDPA.[3]

Respondent does not dispute that the instant federal habeas petition was timely filed within the one-year limitations period. Instead, Respondent contends that the doctrine of laches should apply to bar the petition because Petitioner's lengthy absence from the jurisdiction has prejudiced Respondent. As discussed above, the doctrine of laches is inapplicable to the instant case in light of AEDPA's one-year limitations period. Furthermore, even when it did apply to habeas petitions, the Eleventh Circuit only "rarely" applied the doctrine in extreme cases, and only then when the time period between sentencing and filing the petition was extreme. *Smith v. Jones*, 256 F.3d 1135, 1143, n. 8 (11th Cir. 2001). Laches does not apply to the instant petition.

---

[2] The Advisory Committee Notes for the 2004 Amendments include the following:

> The language of Rule 9 has been amended as part of general restyling of the rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic and no substantive change is intended, except as noted below.
>
> First, current Rule 9(a) has been deleted as unnecessary in light of the applicable one-year statute of limitations for § 2254 petitions, added as part of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d).
>
> * * *
>
> Finally, the title of Rule 9 has been changed to reflect the fact that the only topic now addressed in the rules is that of second or successive petitions.

SECT 2254 Rule 9.

[3] Even prior to the enactment of AEDPA and the one-year limitations period, the Eleventh Circuit noted that "laches rarely applies even where the delay in filing a petition has been extreme." *Smith v. Jones*, 256 F.3d 1135, 1143, n. 8 (11th Cir. 2001).

*Case No: 1:12-cv-169-MP-GRJ*

## Recommendation

For the foregoing reasons, it is respectfully **RECOMMENDED** that the motion to dismiss the petition, Doc. 15, be **DENIED** and Petitioner's claims evaluated on the merits following full briefing on the issues.

**IN CHAMBERS** this 25th day of November 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.