IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSEPH FRANK LEE,

      Petitioner,

v.                                              CASE NO. 1:12-cv-00169-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondents.

_____/

## O R D E R

This matter is before the Court on Doc. 27, Report and Recommendation of the

Magistrate Judge, which recommends that Respondent's Motion to Dismiss, Doc. 15, be denied

and that Petitioner's habeas claims pursuant to 28 U.S.C. § 2254, Doc. 1, be evaluated on their

merits.  The parties were furnished a copy of the Report and Recommendation and were afforded

an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).  Respondent filed an

untimely Objection, Doc. 28, wherein it merely incorporated by reference the arguments set forth

in its original Motion to Dismiss.  Despite the untimeliness of Objection, I have made a *de novo*

determination of the Objection.

In 1985, Petitioner pled guilty to a charge of armed robbery in Florida.  Prior to

sentencing, he absconded from the State.  Exh. C, p. 18.  In 2008, approximately twenty three

years after his original plea, Petitioner was arrested in South Carolina and extradited back to

Florida.  On October 30, 2008, the trial court entered a judgment on Petitioner's charge of armed

robbery and sentenced him to 12 years in prison.  *Id.* at 328.  Petitioner subsequently sought

relief through an appeal of his sentence and a motion for post-conviction relief, both of which

were denied.  *See* Exhs. G, L, & O.  Petitioner brought the instant federal habeas petition on July

19, 2012, alleging that his trial counsel in 1985 was constitutionally ineffective.  Doc. 1.

Respondent now moves to dismiss, claiming that the instant petition is procedurally

barred based on the fugitive disentitlement doctrine and the doctrine of laches.  However, as the

Magistrate's Report and Recommendation correctly points out, neither of these doctrines apply

to the instant habeas petition.

Turning first to the fugitive disentitlement doctrine, this doctrine "permits courts to

dismiss a fugitive's appeal in cases in which an individual escapes while at the same time

attempting to invoke the jurisdiction of that particular court."  *Lynn v. United States*, 365 F.3d

1225, 1239 (11th Cir. 2004).  According to the Eleventh Circuit, the doctrine applies "where the

fugitive status and the court proceedings overlap, but . . . does not generally have a separate,

independent application that per se bars motions or appeals later filed by a one-time fugitive."

*Id.* at 1243; *see also Xiang Feng Zhou v. U.S. Attorney Gen.*, 290 F.App'x 278, 280-81 (11th Cir.

2008) (noting that the doctrine has typically been reserved to situations in which the petitioner is

a current fugitive); *United States v. Barnette*, 129 F.3d 1179, 1183 (11th Cir. 1997) (noting that

"to apply the fugitive disentitlement doctrine" in the appellate context, "the appellant must be a

fugitive").  Instead, "in the context of habeas corpus, the traditional rules of exhaustion and

procedural default . . . ultimately control."  *Lynn*, 365 F.3d at 1244.

In this case, Petitioner is a former fugitive.  As such, the fugitive disentitlement doctrine

should not be applied as a per se bar to his habeas petition.  Instead, under *Lynn*, traditional rules

of exhaustion and procedural default must ultimately control the disposition of Petitioner's

claims.  *Id.*

Concerning laches, this doctrine is an equitable principle that applies where an

unreasonable delay in enforcing one's rights works as an undue prejudice against an opposing

party.  *See Baxter v. Estelle*, 614 F.2d 1030, 1034 (5th Cir. 1980).  Rule 9(a) of the Habeas

Corpus Rules, which became effective in 1977, introduced the concept into the habeas corpus

context.  However, this Rule was removed after the enactment of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), which imposed a one-year statute of limitations for habeas

petitions by persons in custody pursuant to the judgment of a State court.  *See* 28 U.S.C. § 2244.

AEDPA superceded Rule 9(a) and, thus, replaced the doctrine of laches with a bright-line

limitations period.

Respondent argues that, pursuant to the Supreme Court's ruling in *Holland v. Florida*,

AEDPA did not eliminate the doctrine of laches from consideration in habeas petitions.  Instead,

even under AEDPA's limitations period, a habeas petitioner's timeliness is still determined

under equitable principles.  *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010).  However, *Holland*

stands only for the proposition that AEDPA's statutory limitations period may be *tolled* for

equitable reasons.  *Id.*  The Supreme Court did not address whether equitable principles, such as

laches, could serve to shorten the statutory limitations period.  Consequently, given AEDPA's

bright-line rule and its replacement of Rule 9(a), laches does not apply to the instant petition.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated
   by reference in this Order.

2.      The Respondent's Motion to Dismiss Habeas Petition, Doc. 15, is DENIED.

**DONE AND ORDERED** this *16th* day of January, 2014

                    *s/Maurice M. Paul*
            Maurice M. Paul, Senior District Judge